IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREG P. GIVENS, :

        Plaintiff : Civil Action 2:09-cv-800

v. : Judge Frost

OMAN & EMIRATES INVESTMENT : Magistrate Judge Abel
HOLDING CO., *et al.*,
 :
        Defendants.
 :

**REPORT AND RECOMMENDATION**

Plaintiff Greg P. Givens has brought this action alleging that his civil rights have been violated and he has been subjected to physical and emotional distress as a result of entering into a loan contract. This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915A(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

The following allegations are drawn from Plaintiff's complaint. Plaintiff received an automobile loan on December 27, 1999 from United National Bank ("United Bank"),

1

which does business in Bellaire, Ohio.[1]  It was supposed to be paid off on December 27, 2002.  However, after that date, the lender "created conditions of compulsory service" through intimidation and threats of coercion, and did not release the lien upon the automobile.  When he complained to authorities about the lender, agents of OMAN threatened his life and attempted to hire someone to kill him.  They also harassed him at his workplace.  On January 24, 2003, agents of the lender approached Plaintiff in Bellaire and demanded their money, informing him that they had resorted in the past to violence.  Plaintiff alleges that he is being subjected to involuntary servitude and fears for his life.  In his complaint, he brings claims for violation of his Thirteenth Amendment rights, for conspiracy to deprive him of his constitutional rights, for "unlawful actions regulated under federal law", for intentional infliction of emotional distress, and for a judicial declaration of his rights.

The Court held a preliminary pretrial conference in this case by telephone on April 1, 2010.  At that time Plaintiff appeared *pro se*, and United Bank through counsel, and described further the facts underlying his complaint:

> During the preliminary pretrial conference, Mr. Givens said that he got a $3,600 loan in 1999.  It was secured by an automobile he owned. Givens said he made all 36 monthly payments on the loan.  United Bank maintains that Givens defaulted on the loan.  Givens failed to keep insurance on the automobile as required by the loan agreement.

(Doc. 21 at 3.)  The Court has also received a copy of correspondence dated April 1, 2010

---

[1] Plaintiff alleges that this institution is a subsidiary of the Oman & Emirates Investment Holding Co., and describes the defendants generally as "OMAN" and its agents.

sent from Robert L. Bays, counsel for United Bank, to Plaintiff, which states:

> In accordance with the discussion with Magistrate Judge Mark Abel on April 1, 2010, I herewith return to your attention the State of Ohio's Certificate of Title to a 1987 Chevrolet Camero, which was the previous subject of a loan to United Bank. The lien has been discharged on the title.

To the extent that Plaintiff's complaint alleges that United Bank has wrongly failed to discharge a lien on the title to his vehicle, such claim appears now to be moot. Beyond that, Plaintiff's complaint appears to be either frivolous or to fail to state a claim upon which relief can be granted. A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989); *see also Lawler v. Marshall*, 898 F.3d 1196, 1198 (6th Cir. 1990). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible". *Denton v. Hernandez*, 504 U.S. 52, 32-33 (1992); *Lawler*, 898 F.2d at 1199. The complaint may not be dismissed as factually frivolous simply because the court finds the plaintiff's claims unlikely or improbable. *Denton*, 504 U.S. at 33.

Here, the allegations stated in the complaint that agents of United Bank, or its alleged parent company, accosted Plaintiff on the street demanding their money, hired contract killers, or enslaved him, are so wholly incredible that the pleading is legally frivolous. Moreover, Plaintiff claims under 42 U.S.C. §1983 that the defendants violated his Thirteenth Amendment rights. An essential element of a claim under §1983 is that the person acted *under color of state law* to deprive plaintiff of a constitutional right.

3

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Such persons are, as Plaintiff quotes, "federal, state, or local officials who enforce statutes, ordinances, regulations, or customs." A defendant's actionable conduct is under color of state law when the defendant possessed the power to act by virtue of state law and misused that power to deprive plaintiffs of a federal right. *Cassady v. Tackett*, 938 F.2d 693, 695 (6th Cir. 1991); *Christian v. Belcher*, 888 F.2d 410, 414 (6th Cir. 1989). Defendants here had no such powers. Consequently, the complaint fails to state a claim for relief against them under 42 U.S.C. § 1983. Plaintiff's claim for conspiracy to deprive him of his civil rights likewise fails. The complaint does not allege that any of the defendants conspired with state actors to deny Plaintiff a right arising under the constitution or laws of the United States.

Plaintiff's claim for "unlawful actions regulated under federal law" appears to argue that Defendants acted wrongly in their efforts to recover the subject debt from him, whether by abusing legal process or by discriminating against him in some way on the basis of race. To the extent that Plaintiff complains that the lender wrongly refused to release the lien on his vehicle, that claim now appears to be moot. He alleges no other injury, or any other specific details as to, for example, what the lender did that was discriminatory on the basis of race. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). This claim fails to offer the "short and plain statement of the claim

showing that the pleader is entitled to relief" required by Fed. R. Civ. Pro. 8(a)(2). Likewise, although Plaintiff offers a long narrative about the declining physical condition of his home, the illness of his mother and uncle, and the state of his finances, he does not state why Defendants are responsible for these conditions. He argues vaguely that his credit was damaged "when his contracts have become unfulfilled, and when banking officers and financiers, took certain actions on personal allowances." (Doc. 4 at 21.) He complains, more concretely, that Defendants caused him to receive numerous calls from collections agents, though he does not allege the specific dates of the calls, the contents of the communications, that these calls were themselves unlawful, or that Defendants violated federal debt collections law in the course of making them. His request for declaratory relief is simply a declaration that Defendants violated his civil rights. None of these claims appear to have a rational basis in law or fact.

Because Plaintiff's claims either now appear to be moot, or are so incredible as to be legally frivolous, or fail to offer a plain statement of the claim showing that he is entitled to relief, his complaint does not appear to state a claim under 42 U.S.C. §1983 or other rational basis in law. Accordingly, the Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b),

Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge