IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREG P. GIVENS, | : | |
| Plaintiff | : | Civil Action 2:09-cv-800 |
| v. | : | Judge Frost |
| OMAN & EMIRATES INVESTMENT HOLDING CO., *et al*., | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

This matter is before the Court for *de novo* review of the Magistrate Judge's April 14, 2010 Report and Recommendation that this case be dismissed, pursuant to the Objection of Plaintiff Greg P. Givens.[1]

The Magistrate Judge, in the Report and Recommendation, described Plaintiff's factual allegations. (Doc. #31 at 1-2.) Plaintiff has alleged that, after he entered into an automobile loan contract with United National Bank in Bellaire, Ohio ("Bellaire"), the lender forced him into involuntary servitude in violation of his Thirteenth Amendment rights, harassed him for repayment, and threatened his life. Moreover, although he had repaid the principal of his loan, the lender had failed to discharge the lien upon his vehicle. Plaintiff brought suit for deprivation

---

[1] Plaintiff is proceeding *pro se*. The Magistrate Judge's April 14, 2010 Report and Recommendation was an initial screening of the complaint pursuant to 28 U.S.C. §1915(e)(2) to identify cognizable claims and to dismiss any portion of the complaint which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

of his constitutional rights, for conspiracy to deprive him of his constitutional rights, for "unlawful actions regulated under federal law," for intentional infliction of emotional distress, and for a judicial declaration of his rights.

The Magistrate Judge concluded that, to the extent that Plaintiff has complained that United Bank wrongly failed to discharge the lien, his claim is now moot.  Beyond that, the Report and Recommendation found that Plaintiff's allegations that United Bank had attempted to enslave him and that it or its alleged parent company had sent contract killers against him or had accosted him on the street were so wholly incredible that the pleading was legally frivolous.  The Magistrate Judge found, furthermore, that the complaint failed to state a claim against any defendant under 42 U.S.C. §1983 or §1985 because it did not make a colorable allegation that any of them were acting under color of state law, and that as to the remainder of his allegations the complaint failed to make a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. Pro. 8(a)(2).

Plaintiff has now objected to the Report and Recommendation.  He has not raised any cogent arguments to oppose the Magistrate Judge's conclusions with respect to the allegations – such as enslavement or the hire of contract killers – that were deemed wholly incredible.  Instead, his objections address the Magistrate Judge's finding that Plaintiff had failed to state a claim under 42 U.S.C. §1983 because the defendants were not state actors.

A plaintiff may not proceed under §1983 against a private party if the private party did not act under color of law.  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).  The Sixth Circuit Court of Appeals recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test.

*Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). Here, Plaintiff appears to be arguing that the Court should apply the nexus test. *See* Doc. #37 at 6-7. The nexus test "requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state." *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).

Plaintiff's allegations in his complaint as to §1983 amount to conclusory statements that the defendants conspired to deprive him of his constitutional rights. (Doc. #4 at 13.) He elaborates on these claims slightly in his objections, apparently claiming that Defendants conspired with state and federal bank regulators to deny him his civil rights (*Id.* at 2) or that Defendants discriminated against him on the basis of race and thereby enforced a state custom of racial segregation (*Id.* at 4). Even were these additional allegations stated in his complaint, however, they would still be so vague as to fail to make a "short and plain statement of the claim showing that the pleader is entitled to relief."

However, the Magistrate Judge, in his Report and Recommendations, found that Plaintiff's claim against United Bank for wrongly failing to discharge a lien upon his vehicle now appeared to be moot. This was because the Court had been copied on correspondence from counsel for United Bank to Plaintiff which stated:

> In accordance with the discussion with Magistrate Judge Mark Abel on April 1, 2010, I herewith return to your attention the State of Ohio's Certificate of Title to a 1987 Chevrolet Camero, which was the previous subject of a loan to United Bank. The lien has been discharged on the title.

(Doc. #31 at 3.) In his objections, however, Plaintiff asserts that he "has not received notice of discharge on the lien to such referenced title." (Doc. #37 at 3.) The Court concludes that the matter of the discharged lien is a factual matter still in dispute, and will not draw any conclusions

3

upon it at present.  It will likewise not, in this Order, dismiss Plaintiff's complaint to the extent that it apparently alleges that Defendant United Bank engaged in unfair lending practices.  (See Doc. #4 at 14-15.)  Defendants are, however, **GRANTED** leave to supplement their motion to dismiss or for summary judgment (Doc. #16) with an exhibit or exhibits concerning the discharge of lien upon Plaintiff's vehicle.

Accordingly, the screening Report and Recommendation of the Magistrate Judge (Doc. #31) is **ADOPTED IN PART**.  Plaintiff's claims are **DISMISSED IN PART** pursuant to 28 U.S.C. §1915(e)(2)(B) because they are frivolous or fail to state a claim upon which relief may be granted, except as provided for in this Order.  The Court makes no ruling today as to Defendants' pending motion to dismiss or for summary judgment (Doc. #16).

**IT IS SO ORDERED.**

/s/   Gregory L. Frost
United States District Judge