IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREG P. GIVENS,**

                **Plaintiff,**                      Case No.  2:09-cv-800

      v.                                     JUDGE GREGORY L. FROST

**OMAN & EMIRATES INVESTMENT**         Magistrate Judge Mark R. Abel
**HOLDING CO., et al.,**

                **Defendants.**

## OPINION AND ORDER

On March 22, 2010, Defendants filed a motion asking that the Court conduct a merit screening of Plaintiff's complaint, or in the alternative that it dismiss Plaintiff's complaint or grant summary judgment.  On April 14, 2010, the Magistrate Judge issued an initial screening report and recommendation, recommending that Plaintiff's complaint be dismissed for failure to state a claim.  On June 17, 2010, the Court adopted this report and recommendation, dismissing Plaintiff's claims except to the extent that they appeared to allege that Defendant United Bank engaged in unfair lending practices.  After Defendants filed additional information concerning their discharge of a lien upon a vehicle belonging to Plaintiff, the Magistrate Judge issued a second report and recommendation, recommending that Defendants' motion to dismiss be granted with respect to the rest of Plaintiff's claims.  This matter is now before the Court on Plaintiff's objections to this report and recommendation.

The Magistrate Judge described Plaintiff's factual allegations in his initial screening report and recommendation.  (Doc. # 31, at 1-2.)  Plaintiff has generally alleged that Defendant

1

United Bank, which had extended him an automobile loan, thereafter forced him into involuntary servitude in violation of his Thirteenth Amendment rights, harassed him for repayment, and threatened his life.  With respect to all claims which the Court had not already dismissed, the Magistrate Judge found in his most recent report and recommendation:

> His complaint is a farrago of wild accusations that United Bank and its agents have conspired with bank regulators or other government actors to subject him to their service and extort money from him.  To the extent that he alleges, or wishes to allege, that United Bank breached the terms of his loan contract, his allegations fail to state a claim that his constitutional rights have been violated or that any person acting under color of law violated them.  An allegation that a bank wrongly demanded more money from a borrower than the loan contract required cannot be garbed as a Thirteenth Amendment claim.  Beyond this, he has stated no claim at all.
>
> Givens' complaint also vaguely refers to race discrimination in lending or to abuse of process.  (Doc. # 4, at 14-18.)  The complaint, however, likewise fails to contain allegations that would give the defendants fair notice as to the specific nature of these claims or against whom they are pled. Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," it is not true that notice pleading means that a complaint need plead no facts.  Givens' bare description of what he represents is the law of abuse of process does not provide any Defendant a description of what he is supposed to have done.  Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint
suffice if it tenders 'naked assertion[s] devoid of further factual enhancement.'"*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting *Twombly*, 550 U.S. at 555, 557 (citations omitted).

(Doc. # 60, at 6-7.)  Plaintiff's objections to the report and recommendation repeat once again (Doc. # 67, at 4-5) his allegations concerning United Bank imposing debt servitude upon him and making physical threats to extort money from him.  These the Court has repeatedly addressed.  He also reiterates his claim that the employees of United Bank who are individual defendants in this action were state actors susceptible to suit under 42 U.S.C. § 1983.  This the

Court addressed in its prior order of June 17, 2010.  Plaintiff attaches as exhibits to his objections copies of what he represents as proof of insurance forms for the automobile at issue in this case, which, he alleges, rebut Defendants' claims that he failed to maintain insurance on his vehicle.  Regardless of whether this is the case, however, it has no bearing on whether Plaintiff has pled in his complaint a claim upon which this Court can grant relief.  He also attaches copies of what appear to be copies of an order of assessment levied by the Board of Governors of the Federal Reserve System against United Bank, and records concerning convictions for bank embezzlement of two nonparty employees of United Bank.  These are likewise irrelevant.

Plaintiff has also filed a motion for leave to amend his complaint. (Doc. # 64.)  Fed. R. Civ. P. 15(a)(2) permits a party to move for leave to amend its pleading; the Court should "freely give leave when justice so requires."  The proposed amended complaint would add as two new defendants another employee of United Bank and an employee of the Federal Reserve Bank of Richmond, but otherwise would repeat the same claims as in his existing complaint.  Permitting this amendment would do nothing to cure the defects that the Court has already identified.

Accordingly, the Court **OVERRULES** Plaintiff's objections (Doc. # 67) and **ADOPTS** the August 27, 2010 Report and Recommendation of the Magistrate Judge (Doc. # 60).  For the reasons stated therein, and in the Court's prior order of June 17, 2010, the Court **GRANTS** Defendants' motion to dismiss as to all claims remaining in this case. (Doc. # 16.)  The Court **DENIES** Plaintiff's motion for leave to amend (Doc. # 64) and Plaintiff's motion for the appointment of counsel (Doc. # 46).

On July 26, 2010, Plaintiff filed a notice of appeal with respect to certain prior orders in this case.  On August 11, 2010, he filed a motion for leave to appeal *in forma pauperis*.  On

August 16, 2010, the Magistrate Judge issued a report and recommendation recommending that this motion be denied because it was not supported by an affidavit detailing Plaintiff's financial circumstances. On September 20, 2010, the Sixth Circuit Court of Appeals dismissed Plaintiff's appeal on grounds that the orders from which Plaintiff wished to appeal were not final or appealable. The Court therefore **DENIES AS MOOT** Plaintiff's motion for leave to appeal *in forma pauperis.* (Doc. # 56.)

The Clerk shall enter Judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

  /s/  Gregory L. Frost
GREGORY L. FROST
United States District Judge